# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN THOMPSON, III | CIVIL ACTION NO. 07-1897 |
| VS. | SECTION P |
| WARDEN WEST BATON ROUGE WORK RELEASE CENTER | JUDGE MELANÇON<br>MAGISTRATE JUDGE METHVIN |

## *REPORT AND RECOMMENDATION*

*Pro se* petitioner John Thompson, III, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 13, 2007. Petitioner attacked his 2005 conviction for illegal carrying of a weapon (La. R.S.14:98(E)) in Louisiana's Thirty-First Judicial District Court, Jefferson Davis Parish, claiming that the evidence was constitutionally insufficient. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## *Background*

Petitioner was found guilty as charged of illegal carrying of a weapon in violation of La. R.S.14:98(E) on March 18, 2005. [State Court Record (SCR) Vol. 8, p. 1077] Following the verdict, petitioner's trial counsel moved for judgment of acquittal "... based upon the fact that viewing the evidence in a light most favorable to the State, the guilty verdict is not supported by the evidence." That motion was denied. [*Id*. ,p. 1083] On August 5, 2005 petitioner was sentenced to serve 7 years at hard labor without benefit of parole. [*Id*., p. 1101]

Petitioner appealed his conviction to the Third Circuit Court of Appeals arguing, among other things, sufficiency of the evidence. [SCR, Vol. 1, Application for Writ of Certiorari to the Louisiana Supreme Court, Appendix B, Appellant's Brief on Appeal at pp. 12-15] On November 8, 2006 petitioner's conviction was affirmed by the Third Circuit Court of Appeals. *State of Louisiana v. John Thompson, III*, 2006-474 (La. App. 3 Cir.), 943 So. 2d 621. With regard to the sufficiency of the evidence claim, the Court of Appeals made the following findings of fact and conclusions of law:

> In his first assignment of error, Defendant contends the evidence, when viewed in the light most favorable to the prosecution, was insufficient to sustain a verdict of guilty of illegal carrying of weapons.
>
>> In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984).
>
> *State v. Pigford*, 05-477, pp. 5-6 (La.2/22/06), 922 So.2d 517, 520-21.
>
> Louisiana Revised Statute 14:95(E) provides, in pertinent part, as follows:
>
>> If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, ... while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence.
>
> Thus, in order to convict Defendant of this crime, the State was required to prove beyond a reasonable doubt that Defendant: '(1) knowingly or intentionally possessed any firearm or other instrumentality customarily used o[r] intended for probable use as a dangerous weapon, while at the same time (2) knowingly or

intentionally possessing a controlled dangerous substance....' *State v. Blanchard*, 99-3439, p. 10 (La.1/18/01), 776 So.2d 1165, 1174 (footnote omitted).

Natassia Arceneaux testified that on March 1, 2004, after she first saw Defendant at the home of another woman, he ran her off the road and subsequently followed her to the Jennings Police Department. At a hearing on Defendant's motion to suppress, Arceneaux testified she saw Defendant with a gun that night.

Sergeant Kevin Hoover testified that Arceneaux entered the police department and claimed the Defendant ran her off the road, followed her to the police department, pulled up behind her, and got out with a gun. At that time, Sergeant Hoover, Lieutenant Ferroll LeBlanc, and Officer Michael Hill began looking for Defendant.

Subsequently, Deputy Angie Theunissen of the Jefferson Davis Parish Sheriff's Office saw Defendant's vehicle weaving in the roadway at a caution light in Roanoke. Deputy Theunissen was advised that officers with the Jennings Police Department were looking for Defendant to question him regarding the gun incident, but he should not be stopped until he was closer to the roadblock set up by those officers. Defendant eventually pulled into the driveway of Henry Riley, III. He got out of his vehicle and was walking toward the house when Deputy Theunissen stepped out of her car and asked Defendant to approach her vehicle. Defendant complied with the request. At that time, Defendant was approximately thirty to thirty-five feet from his vehicle.

Lieutenant Ferroll LeBlanc arrived at the scene followed by Sergeant Hoover. Lieutenant LeBlanc testified he asked Defendant if he had a gun. Defendant stated he did, and Lieutenant LeBlanc then asked if he could look for the gun. Defendant informed Lieutenant LeBlanc he could find the gun in the center console of the vehicle. Lieutenant LeBlanc's testimony was confirmed by Sergeant Hoover. Sergeant Hoover testified that while Lieutenant LeBlanc went to look for the gun he patted down Defendant, finding one thousand four hundred dollars in Defendant's front pocket.

Lieutenant LeBlanc testified he opened the center console of Defendant's vehicle and found a revolver. As he was removing the gun from the console, Lieutenant LeBlanc noticed a bullet and a 'white powdery substance' that appeared to be cocaine on the driver's seat. Sergeant Hoover confirmed Lieutenant LeBlanc's findings. Deputy Douglas Britnell then retrieved a field test kit from the trunk of his police car and gave it to Lieutenant LeBlanc and Sergeant Hoover. The white substance was then tested, and the results were positive for cocaine.

Sergeant Hoover retrieved additional bullets, a speed loader, and a syringe from the console of Defendant's vehicle. He also found a green pill bottle with a white cap 'right at the front of the driver's seat kind of right underneath the driver's

seat.' The bottle contained a 'rock-like powdery substance.' Lieutenant LeBlanc saw Sergeant Hoover retrieve the bottle.

Deputy Theunissen, whose police car was twelve to fifteen feet from Defendant's vehicle during this time, testified she did not see anything on the driver's seat of Defendant's vehicle, nor did she remember seeing a pill bottle on the floor of the vehicle. Deputy Theunissen later indicated it was possible these things were on the seat and she did not see them because her attention was not focused on that area.

Officer Michael Hill testified he handcuffed Defendant after he was informed that a gun and paraphernalia had been found inside Defendant's vehicle. He then transported Defendant to the police station.

While at the police station, Sergeant Hoover noticed a 'white patch' on the back of Defendant's pants and took a photograph of it. Sergeant Hoover testified the white powder on Defendant's pants was the same consistency as the substance found on the seat of the Defendant's vehicle.

Henry Riley, III, testified that at 2:00 a.m. on March 1, 2004, Defendant was on his porch knocking on the door. At that time, a female officer pulled up and asked Defendant to speak with her. Once several other officers arrived, Riley stated Defendant was searched and handcuffed. After he was handcuffed, Defendant was brought to a police car. Riley testified Defendant was not asked for permission to search his vehicle. However, 'they' went inside the Defendant's vehicle and 'came out' with a gun, which was placed on top of the female officer's car. The officer with the tan shirt then 'went to his vehicle, and he come out with a – a clear bottle.' The bottle was taken from the trunk of the officer's car. According to Riley, the group of officers then went back to Defendant's vehicle for a few minutes and one of the officers 'came out' and had the bottle in his hand and was shaking it. One of the officers then said 'you can let him know he's being arrested.'

Riley was shown the bottle Sergeant Hoover testified he found on the driver's side floor of Defendant's vehicle, and Riley indicated that it looked like the bottle he saw an officer get out of the trunk of his car. Riley was also shown the field test kit that was used the night of the offense, and he testified it was not the bottle retrieved from the police car. He was positive the green bottle he was shown in court was the clear bottle he saw the night of the offense.

The lab report established the white powdery substance found on Defendant's seat and in the green plastic bottle found on the floor of Defendant's vehicle tested positive for cocaine base.

Defendant argues the State was required to prove that the firearm had to be within his immediate control 'at the time of arrest.' Defendant further argues he exercised no control over the gun or drugs found inside his vehicle, as he was approximately thirty feet away from his vehicle when he was arrested. Defendant also asserts there was no connection between the gun and the drugs. Additionally, Defendant argues the State failed to prove beyond a reasonable doubt that he was ever in possession of the drugs based on the eyewitness testimony of Deputy Theunissen or that there was a nexus between the gun and the drugs. Therefore, the evidence presented was insufficient to support the jury's verdict.

We find the jury's verdict indicates it chose to believe the testimony of the several police officers over that of Riley or the equivocal observations of Deputy Theunissen. That credibility determination should not be second guessed by this court. *State v. Anderson*, 03-1601 (La.App. 3 Cir. 5/12/04), 872 So.2d 1251. Accordingly, the evidence proves, beyond a reasonable doubt, that a gun and cocaine were found inside Defendant's vehicle.

We turn to address Defendant's argument that he did not have possession of the gun and drugs found inside his vehicle and they were not in his immediate control. In *Blanchard,* 776 So.2d 1165, the supreme court stated the following regarding the term 'possess' and the requirements of La.R.S. 14:95(E):

> This Court has previously considered the meaning of the word 'possess' in La. R.S. 14:95(E). In *State v. Sandifer*, [95-2226 (La.9/5/96), 679 So.2d 1324] *supra*, .... [W]e held that the word 'possess' "need not be defined statutorily because it has a 'well known and commonly understood meaning.'" 679 So.2d at 1331 (citing *State v. Richard*, 245 La. 465, 158 So.2d 828, 831 (1963)). We held that in this statute, as in the statutes dealing with possession of drugs and possession of guns, the term 'possess' "'is broad enough to encompass both 'actual' and 'constructive' possession.'" *Id. ...* Thus, we have already held that 'possession' under La. R.S. 14:95(E), taken in its usual sense, includes constructive possession and we reaffirm that holding today. Further, this holding is reinforced by the fact that to interpret 'possess' to mean only 'actual possession' would lead to absurd consequences, as it would fail to punish a drug dealer found with a load of guns and drugs in the trunk of his car because the guns would not be on his person and they might not be found to be within his immediate control, depending on his location. [footnote omitted]

*Id.* at 1169-70.

The Supreme Court went on to find the following:

> [U]nder La. R.S. 14:95(E), when it cannot be established that the defendant was using or in actual possession of a firearm or that a firearm was within his or her immediate control, the state must prove more tha[n] mere possession of the firearm. It must prove some connection between the firearm possession and the drug offense. This connection might be established by the following evidence: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence.

*Id.* at 1173.

In *State v. Dabney*, 02-934 (La.4/9/03), 842 So.2d 326, the defendant was convicted of possession of a firearm while in possession of a controlled dangerous substance and possession of a firearm by a convicted felon. On the date of the offense, a group of men were gathered near a car parked in the middle of the 700 block of Kim Drive in Opelousas. Police testified they smelled a heavy odor of marijuana and pulled over in front of the group. The officers alleged marijuana was found near the defendant's feet and a partially smoked blunt was inside his mouth. The officers testified the defendant consented to a search of the vehicle he was driving and informed them a gun was located under the driver's seat. Police then retrieved a gun from the vehicle. The defendant denied possessing any drugs and indicated he discovered the gun when he went to retrieve a cassette tape from the vehicle. The defendant testified he had no intention of leaving the scene in the vehicle, as he was on parole at the time. A defense witness corroborated the defendant's testimony.

The supreme court in *Dabney* found that rational jurors could have concluded, even accepting the defendant's account as to his discovery of the gun, that his behavior in standing next to the vehicle did not constitute an act of divestiture of the weapon, 'which remained subject to his dominion and control by virtue of its proximity to him in the vehicle in his exclusive possession at that time.' *Id.* at 330. The court also found the defendant had constructive possession of the gun. The court then cited the following: ' Cf. *State v. Blanchard*, 99-3439, p. 9 (La.1/18/01), 776 So.2d 1165, 1173 (requiring a nexus between the firearm and the drug offense for purposes of La.R.S. 14:95(E) when the firearm is not in the actual possession of the defendant and not within his or her immediate control).' *Id.*

The supreme court then reversed the decision of this court, which had reversed the defendant's conviction, and remanded the case. It did not, however, specifically discuss whether there was a nexus between the drugs and the gun.

In *State v. Jarvis*, 01-1277 (La.App. 4 Cir. 2/13/02), 811 So.2d 38, *writ denied*, 03-248 (La.2/13/04), 867 So.2d 677, the defendant was stopped for a traffic violation. The defendant was asked to step out of his vehicle and, as he exited, a bag of marijuana fell to the ground. When the officer reached over to pick up the bag, he saw a revolver on the floorboard of the driver's side of the vehicle. The defendant was immediately arrested. On appeal, the defendant alleged the trial court erred in failing to properly instruct the jury on the state's burden of proof, as the trial court did not instruct the jury that a connection was required between the possession of the weapon and the possession of the drugs. The court in *Jarvis* found that the defendant's reliance on *Blanchard*, 776 So.2d 1165, was misplaced because *Blanchard* was limited to cases of constructive possession. Although the defendant denied any knowledge of the weapon and drugs, the court found the evidence established the weapon was on the floor at the defendant's feet; therefore, the gun was in the defendant's immediate control prior to his stepping out of the vehicle.

Defendant in this case was not in actual possession of the gun and the drugs at the time he was approached by Deputy Theunissen, as he had just exited his vehicle where the items were located. However, the gun and the drugs were in the Defendant's immediate control prior to his exiting the vehicle, as in *Jarvis*, 811 So.2d 38. Therefore, the State was not required to prove a nexus between the gun and the drugs. However, the State was also required to prove Defendant knowingly possessed the gun and the drugs.

> [G]uilty knowledge, an essential component of any showing that a defendant has constructive possession of contraband, i.e., dominion and control over it although the contraband is not in his actual possession, *State v. Bell*, 566 So.2d 959, 960 (La.1990); *State v. Sweeney*, 443 So.2d 522, 528 (La.1983), may be inferred from the circumstances of the transaction. [ *State v.*] *Major*, 03-3522[,] at [pp.] 8-9 [ (La.12/1/04) ], 888 So.2d [798] at 803; *State v. Goiner*, 410 So.2d 1085, 1087 (La.1982).

*Pigford*, 922 So.2d at 521.

The evidence proves Defendant had knowledge that the gun was in his vehicle, as he informed police of its location. Additionally, the evidence proves Defendant had guilty knowledge of the drugs. In *State v. Wright*, 05-477 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, 875, the court stated the following:

> In the present case, defendant was stopped while driving a vehicle in which cocaine was found in plain view on the center console between the driver's seat and passenger's seat. As the driver, defendant necessarily had dominion and control over the vehicle he was driving. As the sole occupant, it is presumed he had dominion and control over the contents of the vehicle, including the cocaine which was within his reach while he was driving. See, *State v. Walker*, [03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, *writ denied*, 03-2343 (La.2/6/04), 865 So.2d 738] *supra*, and *State v. Christopher*, 561 So.2d 935, 939-940 (La.App. 2 Cir.1990), *writ denied*, 567 So.2d 1124 (La.1990).

In the case at bar, Defendant was driving a vehicle in which cocaine was in plain view on the driver's seat and found in a bottle on the driver's side floorboard. Defendant was the driver and sole occupant of the vehicle. Accordingly, as in Wright, Defendant is presumed to have dominion and control over the contents of his vehicle, including the cocaine which was within his reach when he was inside the vehicle.

Thus, the evidence, when viewed in the light most favorable to the prosecution, proves beyond a reasonable doubt that Defendant knowingly or intentionally possessed a gun while knowingly or intentionally possessing cocaine. Accordingly, this assignment of error lacks merit.

*State of Louisiana v. John Thompson, III*, 2006-474, **1-9 (La. App. 3 Cir.), 943 So. 2d 621, 622-27.

On December 6, 2006 petitioner submitted a *pro se* application for writs to the Louisiana Supreme Court. In his writ application, petitioner re-urged his claim of insufficiency of the evidence and "... stipulate[d] to the relevant portions of the statement of facts as illustrated within the body of the judgment of the Court of Appeal, Third Circuit..." [SCR, Vol. 1, pp. 2-4]

On September 14, 2007 the Supreme Court denied writs without comment. *State of Louisiana v. John Thompson, III*, 2006-2959 (La. 9/14/2007), 963 So.2d 993.

On November 13, 2007 petitioner filed the instant petition arguing sufficiency of the evidence. [rec. doc. 1] In due course, the State submitted an answer along with a certified copy of the State courts' records. [rec. doc. 7]

*Law and Analysis*

*1. Standard of Review*

Since the Third Circuit Court of Appeals adjudicated the merits of petitioner's sufficiency of the evidence claim federal *habeas* review is governed by the provisions of the AEDPA, specifically 28 U.S.C. §§ 2254(d)(1) and (2) which define the standard for review. Under the AEDPA, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). Claims of constitutional sufficiency of the evidence are reviewed under § 2254(d)(1). *Hughes v. Johnson*, 191 F.3d 607, 620, 621 (5th Cir.), *cert. denied*, 528 U.S. 1145, 120 S.Ct. 1003, 145 L.Ed.2d 945 (2000).

The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applied a rule contradicting the governing law set forth in the Supreme Court's

cases, or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect application</u> of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – <u>the application must also be unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the presumption that the state court's factual findings are correct. See *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir.2002), citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002)(*en banc*).

Petitioner's sufficiency of the evidence claim was adjudicated on the merits by the Third Circuit Court of Appeals on direct review. Therefore the deferential standards of review set forth in § 2254(d)(1) must be applied.

*2. Clearly Established Federal Law*

The Third Circuit Court of Appeals applied the appropriate legal standard with respect to the issue of sufficiency of the evidence. That standard, as enunciated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) was recited by the Third Circuit as follows, "In reviewing the sufficiency of evidence, an appellate court must determine that <u>the evidence</u>, whether direct or circumstantial, or a mixture of both, <u>viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt</u>. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)..." *State of Louisiana v. John Thompson, III*, 2006-474, **1 (La. App. 3 Cir.), 943 So. 2d 621, 622 (emphasis supplied).

The Third Circuit then noted the relevant provisions of La. R.S. 14:95(E) – the crime of conviction – as follows, "If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, ... while in the possession of or during the sale or distribution of a controlled dangerous substance....", and thereafter articulated the following as elements of the offense – that the defendant, '(1) knowingly or intentionally possessed any firearm or other instrumentality customarily used o [r] intended for probable use as a dangerous weapon, while at the same time (2) knowingly or intentionally possessing a controlled dangerous substance....'

*3. Facts in the Light Most Favorable to the Prosecution*

Petitioner does not contest the facts of the case as set forth and relied upon in the Third Circuit's opinion on direct appeal. The facts recited by the Third Circuit in their opinion on direct review have been adopted by the respondent in the "Facts" section of the State's Answer

and petitioner has asserted that he does not contest the validity of those facts. [See Traverse, rec. doc. 10 at ¶2, "Under the section entitled 'Facts' Petitioner does not contest the validity or the consistency of the facts of the case as proffered by the Respondent."] Indeed, the undersigned has reviewed the trial transcripts submitted by the State and concurs that each of the following facts was established by the testimony of the witnesses.

    1. Natassia Arceneaux saw petitioner with a gun on March 1, 2004.

    2. According to Sergeant Kevin Hoover Arceneaux entered the police department and claimed the petitioner ran her off the road, followed her to the police department, pulled up behind her, and got out with a gun.

    3. Deputy Angie Theunissen saw petitioner's vehicle weaving in the roadway. Petitioner eventually pulled into the driveway of Henry Riley, III. He got out of his vehicle and was walking toward the house when Deputy Theunissen stepped out of her car and asked him to approach her vehicle. He complied with the request. At that time, he was approximately thirty to thirty-five feet from his vehicle.

    4. Lieutenant LeBlanc asked petitioner if he had a gun; petitioner acknowledged that he did, and when LeBlanc asked if he could look for the gun, petitioner advised that the gun was in the center console of petitioner's vehicle.

    5. Sergeant Hoover patted down petitioner and found one thousand four hundred dollars in his front pocket.

    6. Lieutenant LeBlanc opened the center console of petitioner's vehicle and found a revolver; he also discovered a bullet and a 'white powdery substance' that appeared to be cocaine on the driver's seat. A field test of the white substance came back positive for cocaine.

8. Sergeant Hoover retrieved additional bullets, a speed loader, and a syringe from the console of petitioner's vehicle. He also found a green pill bottle with a white cap right at the front of the driver's seat kind of right underneath the driver's seat. The bottle contained a rock-like powdery substance.

9. Sergeant Hoover noticed a white patch on the back of petitioner's pants and photographed it. The white powder on petitioner's pants was the same consistency as the substance found on the seat of the vehicle. Subsequent crime lab analysis established that the white powdery substance found on petitioner's seat and in the green plastic bottle found on the floor of petitioner's vehicle were cocaine base.

## *4. Conclusion of the Third Circuit Court of Appeals*

Based on those facts, the Third Circuit was able to conclude that while the petitioner was not in actual possession of the gun and the drugs at the time he was approached by Deputy Theunissen, both the gun and the drugs were in his immediate control prior to his exiting the vehicle. Further, citing the un-controverted facts and the appropriate Louisiana jurisprudence,[1] the Court was able to conclude that petitioner "... had knowledge that the gun was in his vehicle, as he informed police of its location..." and that he had knowledge of the drugs since "[a]s the sole occupant [of the vehicle] it is presumed he had dominion and control over the contents of the vehicle..." *State of Louisiana v. John Thompson, III*, 2006-474, 9 (La. App. 3 Cir.), 943 So. 2d 621, 627.

---

[1] For example, the Third Circuit, citing *State v. Blanchard*, 99-3439, p. 10 (La.1/18/01), 776 So.2d 1165, observed that the Louisiana Supreme Court had previously ruled that the term "possess" as used in R.S.14:95(E) encompasses both actual and constructive possession. Citing *State v. Jarvis*, 01-1277 (La.App. 4 Cir. 2/13/02), 811 So.2d 38, *writ denied*, 03-248 (La.2/13/04), 867 So.2d 677, the Third Circuit also concluded that since the firearm and drugs were in petitioner's immediate control prior to his exiting the vehicle, petitioner was thereby in constructive possession of those items.

Based on the foregoing, the Third Circuit was able to conclude, "Thus, the evidence, when viewed in the light most favorable to the prosecution, proves beyond a reasonable doubt that Defendant knowingly or intentionally possessed a gun while knowingly or intentionally possessing cocaine. Accordingly, this assignment of error lacks merit." *State of Louisiana v. John Thompson, III*, 2006-474, **9 (La. App. 3 Cir.), 943 So. 2d 621, 627.

Petitioner has not established that the Court of Appeal's application of the *Jackson v. Virginia* standard was objectively unreasonable. As shown above, the Court applied the *Jackson* standard with reference to the elements of the offense of conviction as defined by Louisiana law. The Court considered all of the evidence in the record, reciting and relying on the facts and resolving all conflicts in testimony in the light most favorable to the prosecution. The Third Circuit's rejection of petitioner's sufficiency of evidence claim was not contrary to or an unreasonable application of United States Supreme Court precedent, in accordance with 28 U.S.C. § 2254(d)(1) and therefore his petition is without merit.

## 5. *Conclusion and Recommendation*

Therefore, based on the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 31, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)